IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01397-MEH

RHONDA MISHLER,

    Plaintiff,

v.

DILLON COMPANIES, INC., d/b/a King Soopers, Inc.,

    Defendant.

---

### **ORDER ON DEFENDANT'S MOTION TO STRIKE**
---

Defendant asks me to strike Hans Coester, M.D's expert report as untimely and inadequate. I find that Plaintiff's failure to timely disclose Dr. Coester's report, or at least request an extension of the expert disclosure deadline, is not substantially justified. However, because I can cure any prejudice to Defendant, I will not exercise my discretion to strike Dr. Coester's report. Accordingly, I grant in part and deny in part Defendant's Motion to Strike.

### **BACKGROUND**

Plaintiff filed this case in state court on May 13, 2016. Compl., ECF No. 3. Plaintiff alleges that one of Defendant's employees "ran into [her] Achilles tendon on her left ankle with [a] cart" while she was shopping at Defendant's grocery store. *Id.* at ¶ 5. According to Plaintiff, "[t]he blow to the ankle caused [her] to fall to the ground, where she hit her head on the concrete." *Id.* Plaintiff asserts one claim for landowner's liability to invitees under Colo. Rev. Stat. § 13-21-115. *Id.* at ¶¶ 10–14.

Defendant subsequently removed the case to this Court. Notice of Removal, ECF No. 1. On August 19, 2016, I entered a Scheduling Order, which set an expert witness disclosure deadline

of December 12, 2016, and a rebuttal expert disclosure deadline of January 23, 2017. Scheduling Order 5, ECF No. 15. I subsequently extended the rebuttal expert deadline to January 30, 2017, and I moved the discovery deadline to April 6, 2017. ECF Nos. 22, 25.

On April 20 2017, Dr. Coester performed a cervical spine fusion on Plaintiff. Def.'s Mot. to Strike 2, ECF No. 46. Staff in Dr. Coester's office saw Plaintiff for follow-up appointments in May and July 2017. ECF No. 47-2.

On November 29, 2017, Plaintiff disclosed Dr. Coester's opinion letter, which is dated October 24, 2017. ECF No. 47-1. Dr. Coester's letter first reviews Plaintiff's medical history and Dr. Coester's pre-surgery discussions with Plaintiff. *Id.* Then, Dr. Coester opines that "the patient's history of being asymptomatic prior to the accident leaves me with the conclusion that the accident caused her to become symptomatic . . . ." *Id.* Further, Dr. Coester states that Plaintiff's "options for treatment would be ongoing pain management, injections, physical therapy and traction or a 1 or 2 level anterior cervical discetomy and fusion . . . ." *Id.*

On March 14, 2018, Defendant filed the present Motion to Strike Dr. Coester's Opinion, ECF No. 46. Defendant contends Plaintiff disclosed the opinion almost one year after the initial expert disclosure deadline, and the untimely disclosure is not substantially justified or harmless. *Id.* In response, Plaintiff argues the late disclosure is substantially justified, because Dr. Coester could not develop his opinions as to causation and prognosis until six months after he treated Plaintiff. Resp. to Mot. to Strike 2–4, ECF No. 47. Additionally, Plaintiff asserts the late disclosure is harmless, because Defendant already prepared an expert report rebutting Dr. Coester's findings. *Id.* at 4–5. Defendant subsequently filed a reply brief. Reply in Supp. of Mot. to Strike, ECF No. 50.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identity of any witness the party intends to use at trial. If the "witness is one retained or specially employed to provide expert testimony in the case," Rule 26(a)(2)(B) requires that the disclose be accompanied by a written report containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

"A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If a party fails to timely make expert disclosures, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (quoting *Mid-Am. Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1363 (7th Cir. 1996)).

## ANALYSIS

Because Plaintiff served Dr. Coester's report almost one year after the initial expert deadline, the disclosure was untimely. An untimely expert report may be used at trial only if the disclosing party can show that the failure to meet the deadline was substantially justified or harmless. Fed. R.

Civ. P. 37(c).

I first find that the late disclosure was not substantially justified. Although it would have been justifiable for Plaintiff to disclose Dr. Coester's opinion shortly after he performed the surgery, Plaintiff does not provide an adequate reason for waiting seven months after the surgery. Plaintiff contends the delay was justified, because Dr. Coester could not fully assess her condition without a reasonable post-surgical waiting period. Resp. to Mot. to Strike 3, ECF No. 47. However, Dr. Coester does not explicitly base his opinions on Plaintiff's follow-up treatment. Furthermore, even accepting that such a waiting period renders Dr. Coester's opinions more reliable, Plaintiff could have disclosed the report shortly after the surgery and then supplemented it if Dr. Coester's opinions changed. At the very least, Plaintiff could have filed a motion to extend the expert disclosure deadline. Accordingly, I do not find that Plaintiff's failure to timely disclose the report, or at least seek an extension of the disclosure deadline, was substantially justified.

However, I find that reasonable sanctions will render Plaintiff's untimely disclosure harmless. In considering whether a failure to comply with Rule 26 is harmless, courts analyze: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Regarding the first factor, absent a limited reopening of discovery, the late disclosure of Dr. Coester's expert report will significantly prejudice Defendant. Indeed, discovery has already closed, and I have issued a Final Pretrial Order. However, by permitting Defendant to depose Dr. Coester and allowing Defendant to submit a revised rebuttal expert disclosure that may include a Rule 35 examination, substantially all of this prejudice will be

4

cured.[1]  Regarding the third and fourth harmfulness factors, the addition of this testimony will not disrupt the trial set for September 6, 2018, and there is no indication that Plaintiff acted in bad faith.

As I stated in a prior order regarding Plaintiff's untimely disclosure of other expert reports, my refusal to strike Dr. Coester's opinion under Rule 37 does not preclude sanctions under Rule 16(f).  *See Mulvaney v. Rivair Flying Serv., Inc.*, 744 F.2d 1438, 1440–42 (10th Cir. 1984); *EEOC v. Original Honeybaked Ham Co. of Ga., Inc.*, No. 11-cv-02560-MSK-MEH, 2013 WL 752912, at *3–4 (D. Colo. Feb. 27, 2013).  Rule 16(f) permits sanctions on a party who "fails to obey a scheduling order or other pretrial order."  By submitting her disclosures outside of the deadline set in the Scheduling Order and by not including Dr. Coester's full opinion in the Final Pretrial Order, Plaintiff failed to comply with both orders.  Because Plaintiff's untimely disclosure will likely require Defendant to depose Dr. Coester, amend its rebuttal expert report, and amend the Final Pretrial Order, Plaintiff's conduct "ha[s] caused unnecessary burdens on the opposing party . . . ."  *Original Honeybaked Ham Co. of Ga., Inc.*, 2013 WL 752912, at *4.  Furthermore, as I explain above, Plaintiff does not provide an adequate explanation for why she could not at least seek an extension of the disclosure deadline.  Therefore, sanctions under Rule 16(f) are appropriate.

The Tenth Circuit has instructed that district courts should impose only so much of a sanction as is necessary to ensure that the offending conduct stop.  *Mulvaney, Inc.*, 744 F.2d at 1440.  I find that if Plaintiff would like to use Dr. Coester's expert report, it is reasonable to require her to pay Defendant's costs and fees associated with taking Dr. Coester's deposition and revising the Final Pretrial Order.  This is especially true in light of the fact that Plaintiff has already submitted expert

---

[1] Defendant asserts that it would have had its expert perform a Rule 35 examination, instead of a record review, if Plaintiff had timely disclosed Dr. Coester's report.  Reply in Supp. of Mot. to Strike 4, ECF No. 50.

disclosures outside of the deadline in this case. *See* Order on Def.'s First Mot. to Strike, ECF No. 33.

## **CONCLUSION**

In sum, I find that Plaintiff's untimely disclosure of Dr. Coester's report is not substantially justified. However, by issuing reasonable sanctions, I can cure any prejudice resulting from Plaintiff's conduct. Accordingly, if Plaintiff would like to use Dr. Coester's opinions as to prognosis and causation, Plaintiff shall file a complete expert report pursuant to Rule 26(a)(2)(B) on or before May 18, 2018.[2] If Plaintiff does so, Defendant may depose Dr. Coester on or before June 18, 2018. Additionally, Defendant may submit a revised rebuttal expert report on or before July 9, 2018. Finally, the parties shall file an amended Final Pretrial Order including Dr. Coester's opinions on or before July 23, 2018. Plaintiff shall pay Defendant's reasonable attorney's fees and costs associated with taking Dr. Coester's deposition and revising the Final Pretrial Order.

Accordingly, Defendant's Motion to Strike Untimely and Improper Expert Disclosure of Hans Coester, M.D. [filed March 14, 2018; ECF No. 46] is **granted in part and denied in part**.

---

[2] Defendant asserts that Plaintiff has still not disclosed all that Rule 26(a)(2)(B) requires. Mot. to Strike 3–4, ECF No. 46. Plaintiff does not rebut this argument or contend that Dr. Coester's opinions do not require a written report under Rule 26(a)(2)(B). Although Plaintiff asserts Dr. Coester's opinion is subject to Rule 26(e) for supplemental disclosures, nothing in Rule 26(e) provides that an expert who bases his or her opinions on new information need not ever submit a Rule 26(a)(2)(B) disclosure. Instead, Rule 26(e) deals with supplemental reports for experts who have already disclosed a report under Rule 26(a)(2)(B). Accordingly, Plaintiff must comply fully with Rule 26(a)(2)(B) if she would like Dr. Coester to testify as to causation and prognosis.

Entered and dated at Denver, Colorado, this 9th day of May, 2018.

                BY THE COURT:

                Michael E. Hegarty
                United States Magistrate Judge